IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 JAN -8  A 9: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JACQUELYN DODSON AND<br>BEATRICE WILLIS<br><br>Plaintiffs,<br><br>Vs.<br><br>DAVID BRINTLEY,<br>J. GRADY RANDOLPH, INC.<br><br>Defendants. | CASE NUMBER:<br><br>3:07cv25-MEF<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff, Jacquelyn Dodson, is over the age of nineteen (19) years and is a resident of Lee County, Alabama.

2. Plaintiff, Beatrice Willis, is over the age of nineteen (19) years and is a resident of Lee County, Alabama.

3. Defendant, David Brintley, is over the age of nineteen (19) years and is a resident of Shelby, North Carolina.

4. J. Grady Randolph, Inc., is a corporation located in Gaftney, South Carolina. Randolph, Inc. hired the defendant, David Brintley, as a driver for its trucking company and is therefore vicariously liable for his actions.

### JURISDICTION

5. Jurisdiction is proper in federal court based upon diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

## VENUE

6. Venue is proper in this Court as the plaintiffs are citizens within this division of the United States District Court.

## STATEMENT OF THE FACTS

7. On or about October 21, 2005, upon a U.S. Interstate, namely U.S. Interstate 85 North, about eight (8) miles north of entrance ramp exit 2 I-85 North and continuing in the direction of exit ramp exit 13 I-85 North, the vehicle driven or operated by Defendant, David Brintley, collided with the vehicle owned and operated by the Plaintiff, Jacquelyn Dodson.

8. Said collision was caused by negligent and/or wanton conduct on the part of the Defendant, David Brintley.

## COUNT I
## NEGLIGENCE/WANTONNESS

9. Plaintiffs incorporate and adopt all prior paragraphs as if they were fully contained herein.

10. Plaintiffs allege that the Defendant, David Brintley, operated said motor vehicle in a negligent and/or wanton manner which legally and proximately caused the aforementioned collision.

11. As a proximate result of the Defendant's negligence and/or wantonness Plaintiffs were caused to suffer the following injuries and damages:

    (a) Plaintiffs suffered injury to their bodies and incurred medical expenses.

    (b) Plaintiffs suffered pain and suffering and continue to do so.

    (c) The Plaintiff's vehicle was bent, battered, and broken and rendered less in value.

    (d) Plaintiffs suffered mental anguish as a result of said collision and continue to do so.

WHEREFORE, each Plaintiff demands judgment against the Defendant consisting of compensatory and punitive damages, in excess of $75,000.00, plus interest and costs.

## COUNT II
### NEGLIGENCE/WANTONNESS PER SE

12. Plaintiffs incorporate and adopt paragraphs 1 through 10 as if they were fully contained herein.

13. Defendant was further guilty of negligence and/or wantonness per se in that the defendant violated one or more of the "rules of the road" contained in the Code of Georgia, all of which were in full force and effect at the date and time of the incident made the basis of this lawsuit.

14. As a proximate consequence of the negligence and/or wantonness per se of said Defendant, Plaintiffs were caused to suffer the injuries and damages described in paragraph 11(a-d) herein.

   WHEREFORE, each Plaintiff demands judgment against the Defendant consisting of compensatory and punitive damages, in excess of $75,000.00, plus interest and costs.

## COUNT III
### NEGLIGENT AND/OR WANTON HIRING, TRAINING, AND SUPERVISION

15. Plaintiff incorporates and adopts paragraphs 1 through 14 as if they were fully contained herein.

16. Defendant J. Grady Randolph, Inc. negligently and/or wantonly hired, trained, monitored and/or supervised Defendant David Brintley.

17. As a proximate consequence of the Defendant's negligence and or wantonness, Plaintiffs were injured and damaged as alleged in paragraph 11 above.

   WHEREFORE, each Plaintiff demands judgment against the Defendant consisting of compensatory and punitive damages, in excess of $75,000.00, plus interest and costs.

## COUNT IV
### VICARIOUS LIABILITY OF EMPLOYER

18. Plaintiff incorporates and adopts paragraphs 1 through 17 as if they were fully contained herein.

19. Defendant J. Grady Randolph, Inc. hired the defendant, David Brintley, as a driver for its trucking company. As such, the Defendant, J. Grady Randolph, Inc. is vicariously liable as an employer for the acts of its agent, the Defendant, David Brintley.
20. As a proximate consequence of the Defendant's negligence and wantonness, Plaintiffs were injured and damaged as alleged in paragraph 11 above.

WHEREFORE, each Plaintiff demands judgment against the Defendant consisting of compensatory and punitive damages, in excess of $75,000.00, plus interest and costs.

## COUNT V
## NEGLIGENCE/WANTONNESS PER SE FOR VIOLATION OF THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS

21. Plaintiff incorporates and adopts paragraphs 1 through 20 as if they were fully contained herein.
22. Defendant is guilty of negligence and/or wantonness per se in that the defendant violated one or more of the safety regulations contained in the Federal Motor Carrier Safety Regulations, all of which were in full force and effect at the date and time of the incident made the basis of this lawsuit.
23. As a proximate consequence of the negligence and/or wantonness per se of said Defendant, Plaintiffs were caused to suffer the injuries and damages described in paragraph 11 (a-d) herein.

WHEREFORE, each Plaintiff demands judgment against the Defendant consisting of compensatory and punitive damages, in excess of $75,000.00, plus interest and costs.

## DEMAND FOR TRIAL BY STRUCK JURY

Plaintiffs hereby demand a trial by struck jury of all issues so triable.

Done this the 4th day of January, 2007

/s/ Nick Wooten
Nicholas H. Wooten (WOO084)
Attorneys for the Plaintiff

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
fax: (334) 864-2133