IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 JAN 22 A 9: 43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JACQUELYN DODSON and BEATRICE WILLIS | |
| Plaintiffs, | |
| vs. | CIVIL ACTION FILE NO. 3:07-CV-25-MEF |
| DAVID BRINTLEY and J. GRADY RANDOLPH, INC. | |
| Defendants. | |

## ANSWER OF DEFENDANTS BY LIMITED APPEARANCE

**COMES NOW,** DAVID BRINTLEY and J. GRADY RANDOLPH, INC, Defendants herein, by Limited Appearance and without subjecting themselves to the jurisdiction of this Court, for purposes of contesting jurisdiction and venue, and file this, their Answer to Plaintiffs' Complaint, showing the Court the following:

### FIRST DEFENSE

These Defendants were not negligent as alleged in the Plaintiffs' Complaint or otherwise.

## SECOND DEFENSE

Plaintiffs' injuries were not proximately caused by the negligence of these Defendants, which negligence, Defendants deny.

## THIRD DEFENSE

Any negligence of these Defendants, which negligence these Defendants deny, was less than or equal to the negligence of the Plaintiffs, thereby barring the Plaintiffs' claim against these Defendants.

## FOURTH DEFENSE

In answering the enumerated averments contained in the Plaintiff's Complaint, Defendants show the following:

1.

The averments contained in Paragraphs 3 and 7 of the Plaintiffs' Complaint are admitted.

2.

The averments contained in Paragraphs 4, 5, 6, 8, 10, 11, 13, 14, 16, 17, 19, 20, 22 and 23 of the Plaintiff's Complaint are denied.

3.

The Defendants are without sufficient information to admit or deny the averments contained in Paragraphs 1 and 2 of the Plaintiff's Complaint.

4.

The averments contained in Paragraphs 9, 12, 15, 18 and 21 of the Plaintiff's Complain are conclusory in nature and do not require a response from these Defendants. To the extent a response is required, the averments are denied.

### FIFTH DEFENSE

All remaining averments contained in the Plaintiffs' Complaint not herein specifically admitted or specially plead, are hereby denied.

### SIXTH DEFENSE

The Plaintiffs' injuries, if any there be, were proximately caused by the negligence of the Plaintiffs.

### SEVENTH DEFENSE

This Honorable Court lacks jurisdiction over the Defendants pursuant to Fed. R. Civ. Pro. Rule 12(b)(2) in that neither are citizens of Alabama, have not subjected themselves to the jurisdiction of Alabama, and have not had sufficient contacts with the State of Alabama so that they could expect to be hailed to this venue to defend litigation arising from an automobile accident which occurred in the State of Georgia involving Alabama Plaintiffs and Defendants from North Carolina and South Carolina. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

### EIGHTH DEFENSE

The Plaintiffs' injuries were proximately caused by the negligence of an entity

other than this Defendant.

## NINTH DEFENSE

The Plaintiffs' Complaint is barred by the Plaintiffs' Contributory Negligence.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by operation of Fed. R. Civ. Pro. Rule 12(b)(3) in that Venue in this Honorable Court is improper.

## ELEVENTH DEFENSE

The Plaintiff's Complaint is barred by operation of Fed. R. Civ. Pro. Rule 12(b)(1) in that this Honorable Court lacks subject matter over the claims of the Plaintiffs in that the amount in controversy does not exceed $75,000.

## TWELFTH DEFENSE

The Plaintiff's claim for special damages is barred by operation of Fed. R. Civ. Pro. Rule 9(g) in that the Plaintiffs have failed to specifically plead or state the amount of special damages in their Complaint.

## THIRTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred by operation of O.C.G.A. § 51-12-5.1 in that the Plaintiffs have failed to plead with particularity the conduct of Defendant(s) which give rise to the claim for punitive damages in their Complaint.

## FOURTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred by operation of O.C.G.A.

§ 51-12-5.1 in that the Plaintiffs have failed to show by clear and convincing evidence that the conduct of Defendant(s) is sufficient to give rise to a claim for punitive damages in their Complaint.

### FIFTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred in this case in that a Court in one state cannot impose punitive damages to punish a Defendant for conduct which occurred in another state. **_BMW, N.A. v. Gore_**, 517 U.S. 559 (1996).

WHEREFORE, Defendants pray their lawful discharge with costs to be assessed against the Plaintiffs.

This 17th day of January, 2007

                                 **CLAXTON & CLAXTON, LLC**

                                 _/s/ William P. Claxton_
                                 WILLIAM P. CLAXTON
                                 Movant, *Pro Hac Vice*
                                 Attorneys for Defendants

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339-5679
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of this DEFENDANTS' ANSWER by via United States Mail - First Class Postage - by addressing an envelope bearing same to :

Nicholas H. Wooten
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette, AL 36862

This 17th day of January, 2007.

_____
WILLIAM P. CLAXTON