IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JACQUELYN DODSON           )
AND                        )
BEATRICE WILLIS            )
                           )
    Plaintiffs,           )
                           )        CIVIL ACTION
vs.                        )        FILE NO: 3:07-CV-25-MEF
                           )
DAVID BRINTLEY,            )
J. GRADY RANDOLPH,         )
INC.                       )
Defendants.                )

## BRIEF IN SUPPORT OF SUBJECT MATTER JURISDICTION

COMES NOW, the plaintiffs, pursuant to 28 U.S.C.S § 1332, and submit this brief and affidavit of counsel in support of subject matter jurisdiction in response to defendants' answer that such does not exist in this matter. As grounds thereof, the Plaintiffs would show that the jurisdictional requirements of 28 U.S.C.S § 1332 are satisfied and defendants' averments are without merit.

## STATEMENT OF THE CASE AND RELEVANT FACTS

On or about October 21, 2005, upon a U.S. Interstate, namely U.S. Interstate 85 North, about eight (8) miles north of entrance ramp exit 2 I-85 North and continuing in the direction of exit ramp exit 13 I-85 North, a vehicle driven or operated by Defendant, David Brintley, collided with a vehicle owned and operated by

the Plaintiff, Jacquelyn Dodson. Plaintiff, Beatrice Willis, was a passenger in the car driven by plaintiff, Dodson.

The defendant, J. Grady Randolph Inc., at the time of the accident, was the employer of the defendant, David Brintley, and is vicariously liable for his actions because the collision occurred during his capacity as an employee of J. Grady Randolph, Inc.

The plaintiffs filed a Complaint on January 8, 2007, alleging the defendants were responsible for the collision that took place on October 21, 2005. The defendants filed an answer on January 22, 2007, challenging the jurisdiction of this Court to hear this matter. The plaintiffs, therefore, submit this brief in support of the fact that subject matter jurisdiction exists in this cause of action.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

In order for the federal district court to confer jurisdiction, it must have jurisdiction over the person and over the subject matter of the case. 28 U.S.C.S § 1332. The defendants have argued the plaintiffs have not established subject matter jurisdiction in order for this Court to confer jurisdiction. In analyzing whether the Court has subject matter jurisdiction, it must be determined that diversity exists amongst the opposing parties and the jurisdictional amount is satisfied. 28 U.S.C.S § 1332.

## DIVERSITY JURISDICTION EXISTS

Diversity, for the purposes of subject matter jurisdiction, exists when opposing parties to an action are from different states. 28 U.S.C.S. § 1332(a)(1). The standard is not whether the parties reside in the state but whether they are citizens of the state in which they are found. *See Blackburn v. Wal-Mart Stores, Inc*., 2001 U.S. Dist. LEXIS 1188. In order to determine the citizenship of a corporate defendant, it must be determined where the corporation is incorporated or where it has its principal place of business. *See* 28 U.S.C.S. § 1332(c)(1); *see also Blackburn v. Wal-Mart Stores, Inc*., 2001 U.S. Dist. LEXIS 1188.

In the present case, the Plaintiff, Dodson, by her own admission in the original Complaint, was a resident and citizen of the State of Alabama. The Plaintiff, Willis, also by her own admission in the original Complaint, was a resident and citizen of the State of Alabama. The defendant, Brintley, at the time of filing the original Complaint, was a citizen of Shelby, North Carolina. The defendant, J. Grady Randolph, Inc., is a corporation incorporated and headquartered in Gaftney, South Carolina. Defendant, J. Grady Randolph, Inc., also has a headquarters in Greenville, South Carolina, as well as satellite offices in Atlanta, Georgia and Nashville, Tennesse. The defendant, J. Grady Randolph, therefore, is a citizen of South Carolina.  *See* 28 U.S.C.S. § 1332(C)(1); *see also Blackburn v. Wal-Mart Stores, Inc*., 2001 U.S. Dist. LEXIS 1188. Upon

information and belief of the plaintiffs, all parties still retain the citizenship they held at the time the original Complaint was filed. The defendants, Brintley and J. Grady Randolph, Inc., are not citizens of the State of Alabama therefore conferring complete diversity amongst the parties for purposes of Federal District Court jurisdiction. *See* 28 U.S.C.S. § 1332(a)(1); 28 U.S.C.S. § 1332(c)(1); *see also Blackburn v. Wal-Mart Stores, Inc*., 2001 U.S. Dist. LEXIS 1188.

## THE JURISDICTIONAL AMOUNT IN CONTROVERSY IS SATISFIED

Subject matter jurisdiction is proper in Federal District Court when there is diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost. *See* 28 U.S.C.S. § 1332(a). The jurisdictional amount is satisfied by claiming a sufficient sum in good faith. *See O'Dell v. Doychak*, 2006 U.S. Dist. LEXIS 51262. A Court, in analyzing a good faith allegation for an amount in controversy should only dismiss it when it is "apparent to a legal certainty that the plaintiff cannot recover the requisite amount. . ." *Id.*

The Plaintiffs, in this cause of action, make a good faith allegation that the amount in controversy exceeds $75,000, exclusive of interest and cost. This allegation is supported by the attached affidavit of counsel for the plaintiffs. The Plaintiffs were involved in an automobile accident in which the defendant, Brintley, was clearly at fault and both plaintiffs were injured.

Under the circumstances of this matter and damage awards previously rendered in Alabama, the Plaintiffs believe a potential damages award in this action would certainly satisfy the amount necessary to confer jurisdiction in Federal District Court. *See e.g. Southern Exposition Management Co. v. University Auto Sales, Inc.*, 740 So.2d 992 (Ala. 1998) (Circuit Court jury verdict: $150,000 compensatory damages on breach of contract, $225,000 punitive damages on tort claims); *State Farm Fire and Casualty v. Owen*, 729 So.2d 834 (Ala. 1998) (Circuit Court jury verdict: $1,139 compensatory damages, $130,000 punitive damages); *Talent Tree Personnel Services, Inc. v. Fleenor*, 703 So.2d 917, 928 (1997) (remitting Circuit Court jury award to compensatory damages of $300,000 and punitive damages of $1,500,000); *Phillips Petroleum v. Striker*, 723 So.2d 585 (Ala. 1998) (Circuit Court jury verdict: over $340,000 per plaintiff in punitive damages); *Patel v. Patel*, 708 So.2d 159, 160 (1998) (Circuit Court jury verdict: $85, 908 in compensatory damages, $225,000 in punitive damages); *Myrick v. Barron*, 820 So.2d. 81 (Ala. 2001) (Jury verdict of $15,200,000 on invasion of privacy claim against insurance company; *Ex parte Liberty Nat'l Life Ins. Co.*, 797 So.2d. 457 (Ala. 2001) (Jury verdict of $201, 350 on fraud claim against insurance company). Taking into account the damage for the automobile, the injuries sustained by both plaintiffs and future medical expenses, as well as affidavit of

counsel.  The jurisdictional requirements are certainly satisfied as it relates to the amount in controversy.

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiffs assert subject matter jurisdiction exists in this cause of action and that they have satisfied the requirements of 28 U.S.C.S. §1332.

Respectfully submitted this the 9th day of February, 2007.


/s/ Nick Wooten
Nick Wooten (WOO084)
Anjali Kamath
Attorney for Plaintiffs


OF COUNSEL:
Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette, AL 36862
(334)-864-2132
Fax (334)-864-2133


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a copy of the foregoing on counsel of record for the parties on this the 9th day of February, 2007, by the following method(s):
[ ] U.S. Mail        [ ] Overnight Courier        [ ] Hand-Delivery        [ ] Facsimile

/s/ Nick Wooten
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELYN DODSON AND** | ) | |
| **BEATRICE WILLIS** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | **FILE NO: 3:07-CV-25-MEF** |
| | ) | |
| **DAVID BRINTLEY,** | ) | |
| **J. GRADY RANDOLPH, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>COUNSEL'S AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S BRIEF ON SUBJECT MATTER JURISDICTION</u>

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | AFFIDAVIT |
| CHAMBERS COUNTY | ) | |

My name is Nick Wooten.  I am one of the attorneys for the plaintiffs in this action.  The Court has requested briefing on the issue of subject matter jurisdiction. Because the parties clearly meet the requirements of diversity jurisdiction, counsel is led to believe that the Court has reservations about the amount in controversy requirement.

I have been licensed to practice law since May of 1998.  During that time my practice (at least the income producing portion of my practice) has been primarily plaintiff's personal injury practice and consumer advocacy.  During that time I have had the opportunity to represent many wonderful clients.  Some of whom had similar injuries to the plaintiffs in this case.

Beatrice Willis suffered several injuries in this accident.  The most serious of which required an arthroscopic knee surgery.  I have personally settled several cases involving knee surgeries for policy limits.  Additionally, in Chambers County, within the last five years there was verdict against a wrecker company for $215,000 wherein the injury suffered by the plaintiff was nearly identical to the injuries suffered by my client and the amount of medical bills were nearly the same.  I am comfortable that a reasonable jury could return a verdict in excess of $75,000 in compensatory damages and I fully intend to ask for more than $75,000 in compensatory damages at a trial of this matter for Ms. Willis.  In the interests of candor to the tribunal, the attorney-adjuster for the insurance company asked me for a "one-time shot" for an immediate settlement before the insurance company retained its attorney and I told that adjuster than my client would accept $60,000 if the insurance company agreed to pay that amount on that day before the close of business.  Otherwise, all offers were withdrawn until I had the opportunity to receive discovery from the company regarding its FMCSR compliance and take discovery from the company's driver.

Jacqueline Dodson suffered several injuries as well in this wreck.  Her most serious injuries were to her neck and her physician has recommended a neck surgery for her problems.  I have personally settled cases where the physician recommended neck surgery but the client did not actually have the surgery for as

much as $150,000.  Additionally, I have settled cases where the client did have the

recommended surgery for amounts as low as $105,000 to more than $250,000.  I

am confident that a reasonable jury would return a verdict for Ms. Dodson in

excess of $75,000 and I also intend to ask for more than $75,000 in damages in her

case.

     Further affiant saith not.

/s/ Nick Wooten  
AFFIANT

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | )  ACKNOWLEDGEMENT |
| CHAMBERS COUNTY | ) |

     Before me personally appeared Nick Wooten who after being first duly
sworn, stated that the above affidavit is true and correct to the best of his
knowledge, information and belief.

/s/ Amy Carlton  
Notary Public, State at Large  
My Comm. Expires: 10/30/09

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel of record for
the Parties on this the 9th day of February 2007 by the following method(s):

[x] U.S. Mail     [ ] Overnight Courier     [ ] Hand-Delivery     [ ] Facsimile

/ s/ Nick Wooten  
OF COUNSEL
