IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JACQUELYN DODSON and
BEATRICE WILLIS

    Plaintiffs,

vs.

DAVID BRINTLEY and
J. GRADY RANDOLPH, INC.

    Defendants.

CIVIL ACTION
FILE NO.3:07-CV-25-MEF

## DEFENDANTS' BRIEF OPPOSING JURISDICTION OF THE ALABAMA DISTRICT COURT IN THE PRESENT MATTER

Defendants David Brintely and J. Grady Randolph, Inc. have been Ordered to respond to Plaintiffs Brief In Support of Subject Matter Jurisdiction in the above-captioned case. Defendants will show that this case should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction over both of the Defendants, and lack of venue. In the alternative, Defendants will show that the above-captioned case should be transferred to the United States District Court in the Middle District of Georgia pursuant to *28 U.S.C. § 1404(a)*. Defendants show the Court as follows:

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a collision between Plaintiffs' vehicle and a tractor-trailer operated by David Brintley and leased by J. Grady Randolph, Inc. The subject collision occurred on October 21, 2005, on Interstate 85N in Troup County, Georgia, a fact that was conspicuously omitted in Plaintiffs' Brief filed with this Honorable Court. David Brintley is a resident of Shelby, North Carolina. J. Grady Randolph, Inc. is a corporation whose principal place of business is located in Gaffney, South Carolina. (Affidavit of Mark Randolph, ¶ ). The Plaintiffs have alleged in their Complaint that they are residents of Alabama.

The Plaintiffs filed their Complaint on January 8, 2007, in the United States District Court for the Middle District of Alabama, Eastern Division. The Defendants filed their Answer of Defendants by Limited Appearance on January 22, 2007, specifically pleading that this Court lacks jurisdiction over these Defendants as neither of them reside in Alabama now, nor at the time of the collision, and they have not availed themselves to the jurisdiction of this Honorable Court in any other manner permitted by law. (Seventh Defense). The Defendants also raised the Affirmative Defense of Improper Venue (Tenth Defense), and lack of Subject Matter Jurisdiction. (Eleventh Defense).

On January 30, 2007, the Honorable Court Ordered that the Plaintiffs show cause whether the Middle District of Alabama has subject matter jurisdiction over this action by February 13, 2007. The Defendants were ordered to respond by February 23, 2007.

At this time, Defendants can demonstrate that this Honorable Court does not have subject matter jurisdiction over this matter because the Plaintiffs have failed to show that they can satisfy the jurisdictional amount required under *28 U.S.C.S. § 1332*. Defendants concede that there is complete diversity of citizenship in this action.

Defendants will also show that this action should be dismissed for improper venue, lack of personal jurisdiction over these Defendants in this action, or, in the alternative, this action should be transferred to the Northern District of Georgia, Newnan Division.

## II.

### ARGUMENT AND CITATIONS OF AUTHORITY

A.  **Plaintiffs Have Failed To Show That Their Damages Satisfy The Requisite Amount In Controversy Pursuant to 28 U.S.C.S. § 1332.**

"Federal Courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." ***Smith v. GTE Corp.***, 236 F.3d

1292 (11th Cir. 2001) (citing **Morrison v. Allstate Indem. Co.**, 228 F.3d 1255, 1260-61 (11th Cir. 2000) (citing **University of South Alabama v. American Tobacco Co.**, 168 F.3d 405, 409-10 (11th Cir. 1999)). Federal Courts should proceed with caution in construing the constitutional and statutory provisions dealing with their jurisdiction. **See University of South Alabama**, 168 F.3d at 409 (citations and internal marks omitted).

In the present case, neither party is challenging that there is complete diversity of citizenship. Defendants are, however, challenging each Plaintiff's ability to satisfy the amount in controversy requirement. **See Exxon Mobil Corp. v. Allapattah Services, Inc.**, 545 U.S. 546 (2005) (each individual plaintiff required to satisfy the $75,000 amount in controversy). Aggregation of the Plaintiffs' damages is not permissible. **Id.**

In an attempt to prove that each of their damages satisfy the $75,000 threshold, the Plaintiffs have provided a list of cases which they contend support their position regarding the amount in controversy. There is one major problem with the cases Plaintiffs provided in support of same. None of the cases they listed have anything to do with personal injury lawsuits - they include claims for breach of contract, fraud and tortious interference with business and contractual relation case (**Southern Exposition Management Co. v. University Auto Sales, Inc.**, 740 So.2d 992 (Ala.

1998)); a fraudulent suppression claim against an insurer (***State Farm Fire and Casualty v. Owen***, 729 So.2d 834 (Ala. 1998)); a case where the Plaintiff sued her employer for fraudulent misrepresentation and fraudulent suppression (***Talent Tree Personnel Services, Inc. v. Fleenor***, 703 So.2d 917 (1997)); a case involving **47 plaintiffs** who sued for damages stemming from the Defendant's drainage of Plaintiffs' lands by its oil and gas recoveries (***Phillips Petroleum v. Striker***, 723 So.2d 585 (Ala. 1998)); a case involving fraudulent misrepresentation of the profitability of motel the Plaintiffs purchased (***Patel v. Patel***, 708 So.2d 159 (Ala. 1998)); an invasion of privacy claim (***Myrick v. Barron***, 820 So.2d 81 (Ala. 2001)); and a claim against an insurance company involving fraud (***Ex parte Liberty Nat'l Life Ins. Co.***, 797 So.2d 457 (Ala. 2001)).

Not one of the case relied upon by Plaintiffs in their brief involve personal injuries. Not only should these cases not be considered as guidance for the Court on the Plaintiffs' issue of damages, but it should lend support to Defendants' position that the Plaintiffs are not claiming a sufficient sum of money in good faith. *See **St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (A Plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith).

The Plaintiffs have submitted an Affidavit of Counsel that is nothing more than unsupported, personal opinions of their own attorney who is not qualified to testify

on these matters. Furthermore, the attorney's conclusions have nothing to do with this case. For example, the fact that he settled several cases involving knee surgeries for policy limits means nothing for the present purpose if the policy limits were $25,000 or even $50,000, which do not satisfy the amount in controversy required to give this Court jurisdiction. Furthermore, Plaintiffs' Counsel provides no case names, nor does he identify the Courts where these cases were filed, thereby preventing either the Defendants of the Court from researching his assertions. The Plaintiffs again attempt to satisfy their burden by providing the Court with cases that have nothing to do with the present case. An Affidavit that provides nothing more than conclusory allegations containing inadmissible evidence should not be considered sufficient to clear the amount in controversy hurdle in good faith. *See **Fontenot v. Upjohn Co.**,* 782 F.2d 1190, 1195 (5th Cir. 1986) (Affidavit containing legal conclusions or evidence which would not be admissible at trial insufficient for purposes of summary judgment); *See Also **First National Bank of Arizona v. Cities Serv. Co.**,* 391 U.S. 253, 289 (1986) (The evidence presented in an Affidavit cannot consist of conclusory allegations or legal conclusions). The Plaintiffs have provided absolutely no evidence that either of their claims meet the $75,000 threshold.

Furthermore, Plaintiffs' contention that damages in this matter might include an award of punitive damages is ill placed since this is not the type of case that

warrants an award of punitive damages. This action arises from an automobile collision. There are no allegations of conduct by either of the Defendants that would permit an award of punitive damages, and the Plaintiffs have not provided any statutory or other authority providing for same.

If this action remains in Alabama (which Defendants <u>do not</u> believe it should), the laws of Georgia would still govern when punitive damages are permissible since the accident occurred in Georgia. In Georgia, punitive damages are awarded because of aggravating circumstances to penalize, punish or deter a defendant and not to compensate the Plaintiff. ***O.C.G.A. § 51-12-5.1(a), (c)***. The Georgia statute provides, in pertinent part, the following:

> ***"(b)  Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b)***

In any tort case <u>not involving products liability</u>, it must be found that the Defendant acted, or failed to act, with the specific intent to cause harm, or that the Defendant acted, or failed to act, while under the influence of drugs or alcohol. ***O.C.G.A. § 51-12-5.1(f)***. There is no evidence, nor will there ever be any evidence,

to prove that either of the Defendants had the requisite "specific intent to cause harm" to either of these Plaintiffs in the hiring, retention, or training by J. Grady Randolph, nor is there any evidence now or will there be in the future that the driver of the vehicle, David Brinkly, was driving under the influence at the time of this accident.

There is not now, nor will there ever be, evidence supporting a claim for punitive damages. Furthermore, Plaintiffs have not presented even a scintilla of evidence or information in their Brief to support their unsupported allegations contained in their Complaint.

**B.    This Court Does Not Have Personal Jurisdiction Over Either Of The Defendants Since Neither Of The Defendants In This Action Are Residents Of Alabama Nor Have They Availed Themselves To The Jurisdiction Of This Honorable Court.**

    **1.    Neither Of The Defendants Have The Required Minimum Contacts With Alabama And The Cause of Action Does Not Arise Out Of Contact With Alabama, So This Court Does Not Have Jurisdiction Over This Lawsuit.**

Plaintiffs concede in their Complaint and their Brief in Support of Subject Matter Jurisdiction that neither David Brintley nor J. Grady Randolph, Inc. are citizens of Alabama under 28 U.S.C.S. § 1332. (Complaint, ¶¶ 3, 4; Plaintiffs' Brief, page 3). Furthermore, the accident giving rise to the Plaintiffs' lawsuit occurred in Troup County, Georgia.

J. Grady Randolph, Inc., is incorporated in South Carolina, where it also has

its principal place of business. (Affidavit of Mark Randolph, ¶¶ 3,4). J. Grady Randolph, Inc., does not have any representatives in Alabama. (Randolph Affidavit, ¶ 5). J. Grady Randolph, Inc., does it solicit business in Alabama. (Randolph Affidavit, ¶ 5). J. Grady Randolph, Inc., does not make any pick-ups in Alabama, although it does make infrequent drop-offs for Metromont Corporation out of Hiram, Georgia. (Randolph Affidavit, ¶¶ 6,7). The miles accrued by J. Grady Randolph, Inc., for drop-offs in Alabama represents only 1.95% of the total miles driven by J. Grady Randolph, Inc., on an annual basis. (Randolph Affidavit, ¶ 9). At the time of the subject collision, <u>which occurred in Georgia</u>, J. Grady Randolph, Inc., was not, nor had it been, conducting business for Metromont Corporation. (Randolph Affidavit ¶ 8).

Under Alabama law, a foreign corporation is <u>not</u> amenable to process to enforce personal liability in the absence of consent where it is not doing business in the county and state where sued when the action was filed. ***St. Mary's Oil Engine Co. v. Jackson Ice & Fuel***, 224 Ala. 152, 153 (1931). To determine whether personal jurisdiction exists, the Court is to perform a two-step inquiry. First, a determination is to be made as to whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. ***Sculptchair, Inc. v. Century Arts, Ltd.***, 94 F.3d 623, 626 (11th Cir. 1996). Second, it is to be determined whether the exercise of personal

jurisdiction over the defendants would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, which requires the Defendants to have minimum contacts with the forum state and that the exercise of jurisdiction over the Defendants does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting ***Int'l Shoe Co. v. Washington***, 326 U.S. 310, 316, 66 S.Ct. 154 (1945)).

Alabama's Long-Arm Statute, ***Ala. R. Civ. P. 4.2(b)***, provides, in pertinent part, the following:

> "(b) ***Basis for Out-of-State Service.***
>
> > *An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States;"*

A non-resident Defendant must have minimum contacts with the forum state such that maintenance of the suit does not offend fair play and substantial justice. ***International Shoe Co. v. Washington***, 326 U.S. 310, 316 (1945). The analysis of minimum contacts focuses on whether the Defendant has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. ***Hanson v. Denckla***, 357 U.S. 235, 253 (1958)

(citing ***International Shoe***, 326 U.S. at 319).  If the Defendant has availed itself to the benefit of conducting activities within the forum state, it has clear notice that it may be subject to suit there and the due-process requirements of the Fourteenth Amendment are fulfilled. ***World-Wide Volkswagon Corp. v. Woodson***, 444 U.S. 286, 297 (1980).

Under these parameters, it must first be determined whether J. Grady Randolph, Inc.'s contacts with the state of Alabama are sufficient to have put it on notice to reasonably anticipate being hauled into an Alabama Court.  Under the facts of the present matter, it is clear that J. Grady Randolph did not have minimum contacts with the state of Alabama such that it could have anticipated being subject to suit there.

J. Grady Randolph, Inc., only delivers some goods to locations in Alabama for Metromont Corporation, that it picks up in Hiram, Georgia. (Randolph Affidavit, ¶ 7). The number of miles that J. Grady Randolph, Inc., drives in the state of Alabama for deliveries from Metromont Corporation is only 1.95% of the total miles J. Grady Randolph, Inc., covers on an annual basis. (Randolph Affidavit, ¶ 9).  Significantly, J. Grady Randolph, Inc., was not traveling in Alabama at the time of the subject accident, nor had it been performing a delivery for Metromont Corporation at the time of this incident. (Randolph Affidavit, ¶8).

> *"If there are minimum contacts, and the cause of action arises out of the contacts, it will normally be fair and reasonable to sustain jurisdiction. If there is a minimum of contacts and <u>the cause of action does not arise out of the contacts</u>, there will normally be <u>no basis of jurisdiction</u>, since it is difficult to establish the factors necessary to meet the fair and reasonable test."* <u>MacKinnon v. St. Louis Southwestern Ry.</u>, 528 So.2d 89, 93 (Ala. 1987) (citing <u>View-All, Inc. v. United Parcel Service</u>, 435 So.2d 1198, 1201 (Ala. 1983). (Emphasis added).

In the present matter, J. Grady Randolph, Inc., does not have sufficient minimum contacts with the state of Alabama to have purposefully availed itself to suit in the state arising from an accident in Georgia. J. Grady Randolph, Inc., hauls goods for Metromont Corporation, out of Hiram, Georgia, for delivery to locales in Alabama. (Randolph Affidavit, ¶ 7). J. Grady Randolph, Inc., does not have representatives in Alabama, nor does it solicit business in Alabama. (Randolph Affidavit, ¶ 5). Most importantly, the subject collision did not occur in Alabama. As such, there are insufficient minimum contacts with Alabama, and the present cause of action does not arise out of any conduct J. Grady Randolph, Inc., was performing in the state of Alabama, so this Honorable Court does not have jurisdiction over Defendants J. Grady Randolph, Inc., or David Brinkley.

## 2. Georgia Courts Have Jurisdiction Over The Subject Action Since The Automobile Collision Occurred In Troup County, Georgia.

If this Honorable Court determines that the amount in controversy has been met as required by 28 U.S.C.S. § 1332(a), and that a Federal Court may maintain subject matter jurisdiction, the Defendants request that this case be transferred to the Northern District of Georgia, Newnan Division, as the Court with the proper jurisdiction over this case.

*O.C.G.A. § 9-10-91* provides, in pertinent part:

> *"A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:*
>
> *(3) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act..."*

In the present matter, it is undisputed that the automobile collision that forms the basis of Plaintiffs lawsuit occurred in Troup County, Georgia. Under *O.C.G.A. § 9-10-91*(3), Georgia has jurisdiction for the tortious act alleged in this matter.

## II.

## **CONCLUSION**

Inasmuch as the Plaintiffs have not satisfied the $75,000 requirement, the Federal Court may not exercise jurisdiction over this matter and this case should be dismissed.

Even if this Court finds that the Plaintiffs have met the amount in controversy requirement, Alabama does not have in personam jurisdiction over either of the Defendants and the Defendants respectfully request that this matter be transferred to the District Court in the Northern District of Georgia, Newnan Division.

This 22nd day of February, 2007.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
*Pro Hac Vice*
Attorney for Defendants

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339-5679
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN DODSON and BEATRICE WILLIS  :  Plaintiffs,  :  vs.  :  DAVID BRINTLEY and J. GRADY RANDOLPH, INC.  :  Defendants.  : | CIVIL ACTION FILE NO.3:07-CV-25-MEF |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of this DEFENDANTS' BRIEF OPPOSING JURISDICTION OF THE ALABAMA DISTRICT COURT IN THE PRESENT MATTER and AFFIDAVIT OF MARK RANDOLPH via United States Mail - First Class Postage - by addressing an envelope bearing same to the attorney of record and upon all parties with the Clerk of Court using the CM/ECF system which will automatically send e mail notification to the following attorney:

Nicholas H. Wooten
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette, AL 36862

This 22nd day of February, 2007.

_____
WILLIAM P. CLAXTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN DODSON and BEATRICE WILLIS, | : : : : |
| Plaintiffs, | : : |
| vs. | : : : | 
| DAVID BRINTLEY and J. GRADY RANDOLPH, INC., | : : : |
| Defendants. | : : |

CIVIL ACTION
FILE NO.3:07-CV-25-MEF

## AFFIDAVIT OF MARK RANDOLPH

**STATE OF SOUTH CAROLINA**

**COUNTY OF** _Cherokee_

Personally appeared before the undersigned officer duly authorized to administer oaths, Mark Randolph, who, after being duly sworn, shows the Court the following:

1.

That he is the Vice President of J. Grady Randolph and was at all times material to this action.

2.

This affidavit is given for use in support of Defendants' Brief Opposing Jurisdiction in the Alabama Courts and the facts stated herein are made upon Affiant's personal knowledge and are true and correct.

3.

Affiant states that on J. Grady Randolph, Inc. is incorporated in South Carolina.

4.

Affiant states that the principal place of business of J. Grady Randolph, Inc. is in South Carolina.

5.

Affiant states that J. Grady Randolph, Inc. does not have any representatives in Alabama and does not solicit business in the state of Alabama.

6.

Affiant states that J. Grady Randolph, Inc. does not make any pick-ups in Alabama.

7.

Affiant states that J. Grady Randolph, Inc. delivers goods into Alabama for Metromont Corporation, located in Hiram, Georgia.

8.

Affiant states that at the time of the subject collision, J. Grady Randolph, Inc. was not, nor had it been, conducting business for Metromont Corporation.

9.

Affiant states that the number of that miles that J. Grady Randolph, Inc. covers in the state of Alabama for deliveries from Metromont Corporation is less than 2% (1.95%) of the total miles J. Grady Randolph, Inc. covers on an annual basis.

10.

This information is based upon my personal knowledge and belief and I depose that if called as a witness in this matter I would state the information set forth in this affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
MARK RANDOLPH
Vice President of J. Grady Randolph, Inc.

Sworn to before me this
21ST day of February, 2007.

*Vickii D. Kennelly*
Notary Public
My Commission Expires:   My Commission Expires
September 14, 2016