IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JACQUELYN DODSON and       :
BEATRICE WILLIS            :
                          :
    Plaintiffs,           :
                          :
vs.                       :        CIVIL ACTION
                          :        FILE NO.3:07-CV-25-MEF
DAVID BRINTLEY and        :
J. GRADY RANDOLPH, INC.   :
                          :
    Defendants.           :
_____ :

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO CONDUCT DISCOVERY ON THE ISSUES OF PERSONAL JURISDICTION AND VENUE

COME NOW DEFENDANTS J. GRADY RANDOLPH, INC., and DAVID

BRINTLEY and respond to Plaintiffs' Motion to Strike Or, In the Alternative, To

Conduct Limited Discovery on the Issues of Personal Jurisdiction and Venue as

follows:

On January 30, 2007, this Honorable Court Ordered that the Plaintiffs show

cause as to whether the Middle District of Alabama has Subject Matter Jurisdiction

over this action. In the Defendants' Response, the Defendants also provided legal

authority and evidence to demonstrate to the Court that this Honorable Court not only

does not have Subject Matter Jurisdiction, but it also does not have In Personam Jurisdiction over this matter.    The reason for Defendants' contemporaneous submission was due to judicial economy, inasmuch as if this Court is presently addressing the issue of whether there is Subject Matter Jurisdiction, the issue of whether there is also In Personam Jurisdiction is timely.  If this Honorable Court is inclined to grant the Plaintiffs' Motion to Strike that portion of Defendants' response, addressed in the Motion to Strike, the Defendants will obviously file an appropriate Motion as a separate pleading seeking the same remedy as it has already asserted. Again, it seems to be most efficient to address all jurisdictional issues at the same time, so as not to waste the resources of a Court that is ultimately not going to have jurisdiction over this litigation.

The Defendants have provided evidence that there are not sufficient minimum contacts by either of these Defendants with the State of Alabama for an accident that occurred in Georgia.  The Vice President of J. Grady Randolph, Inc. testified via Affidavit based on his personal knowledge that J. Grady Randolph, Inc. does not conduct business in Alabama, and does not even generate income from any customer located in Alabama.  The only company for which J. Grady Randolph, Inc. hauls goods into the State of Alabama is Metromont Corporation, which is located in Hiram, Georgia.

The Plaintiffs' Counsel, on the other hand, continues to assert his own personal opinions that these Defendants have represented in some manner that J. Grady Randolph conducts business in Alabama. It is obvious based on the sworn testimony of Mark Randolph, Vice President of J. Grady Randolph, Inc., that this company does not conduct business in Alabama and it would have no reason to "represent to the inquiring public that they do business in Alabama" as Plaintiffs contend. Furthermore, since the initiation of this lawsuit, Counsel for Defendants have informed Plaintiffs' Counsel that an Alabama Court is not the proper forum for this action and raised these defenses in their Answer. The fact that settlement negotiations were entertained prior to lawsuit with an attorney in Alabama is not evidence that an Alabama Court has somehow obtained jurisdiction or that J. Grady Randolph, Inc., conducts business in Alabama.

The Defendants have provided this Honorable Court with sufficient admissible evidence to make a determination as a matter of law that this Court does not have in personam jurisdiction over these Defendants. These Defendants are not residents of Alabama and neither have sufficient minimum contacts to avail themselves to the personal jurisdiction of this Honorable Court for an accident that occurred in Georgia during a trip which was not being conducted into or out of Alabama at the time.

If this Court is inclined to grant Plaintiffs' request to conduct discovery, these

Defendants would be agreeable, so long as it is limited to the issue of Defendants' contacts with the forum state. Defendants are concerned that Plaintiffs' Counsel will attempt to over burden these Defendants under the guise of conducting discovery on this issue, and Defendants would request the Court's assistance in ensuring discovery is not overreaching. For example, if Plaintiffs' Counsel would like to conduct a brief deposition of Mark Randolph, Defendants suggest that this be done telephonically to avoid the exceptional costs and time of traveling to a common location. Furthermore, if Plaintiffs' Counsel would like to obtain documentation regarding the extent of J. Grady Randolph, Inc.'s business transactions in Alabama, Defendants also request that this be on a limited basis and not merely to inconvenience these Defendants. If there are some established parameters on Plaintiffs' Counsel's desire to conduct discovery on this issue, Defendants and their Counsel will cooperate to the most reasonable extent possible.

Defendants will also not object to Plaintiffs having the opportunity to respond to the issues discussed in the Defendants' Brief. Defendants would like to inform this Honorable Court that these defenses were raised as Defendants' Seventh and Tenth Defenses in Defendants' Answer, so the Plaintiffs were on notice that these issues would need to be addressed prior to this matter moving forward into the substantive portion of this case.

For the above-stated reasons, the Defendants respectfully request that this Honorable Court provide guidance to the parties as to how best to proceed in the issues discussed above.

This 23rd day of February, 2007

CLAXTON & CLAXTON, LLC

WILLIAM P. CLAXTON
*Pro Hac Vice*
Attorney for Defendants

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339-5679
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JACQUELYN DODSON and            :
BEATRICE WILLIS                 :
                                :
        Plaintiffs,             :
                                :
vs.                             :       CIVIL ACTION
                                :       FILE NO.3:07-CV-25-MEF
DAVID BRINTLEY and              :
J. GRADY RANDOLPH, INC .        :
                                :
        Defendants.             :
_____  :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing

matter with a copy of this DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION

TO STRIKE OR, IN THE ALTERNATIVE, TO CONDUCT DISCOVERY ON THE

ISSUE OF PERSONAL JURISDICTION AND VENUE upon all parties with the

Clerk of Court using the CM/ECF system which will automatically send e mail

notification to the following attorney:

Nicholas H. Wooten
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette, AL 36862

This 23rd day of February, 2007.



WILLIAM P.  CLAXTON