IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELYN DODSON, et al., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cv-25-MEF-SRW |
| | ) | |
| DAVID BRINTLEY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## <u>ORDER</u>

This cause is before the Court on the Motion to Strike or in the Alternative Motion

for Leave to Conduct Discovery on the Issues of Personal Jurisdiction and Venue (Doc. # 11)

filed by Plaintiffs on February 23, 2007. The Court does not find it necessary or appropriate

to require discovery relating to personal jurisdiction at this time. Moreover, the Court cannot

imagine what kind of discovery Plaintiffs' counsel would require to satisfy the issue of

appropriate venue in this case. It is hereby ORDERED that the motion is DENIED.

At this juncture, the Court deems it appropriate to address Defendants' challenge to

the appropriateness of this district as a venue for this case. Having carefully reviewed the

pleadings and other submissions in this case, the Court is concerned that this case was not

filed in a proper venue. Because subject matter jurisdiction in this case is founded only on

diversity of citizenship, 28 U.S.C. § 1391(a) provides the applicable bases for venue. None

of the defendants reside in the Middle District of Alabama, nor do they reside in the same

state. For this reason, 28 U.S.C. § 1391(a)(1) cannot provide a basis for claiming venue is

appropriate in this district.  While 28 U.S.C. § 1391(a)(2) provides that a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated may be a proper venue,

it is not at all clear that the Middle District of Alabama is the judicial district in which the

events or omissions occurred.  Rather, it appears from the information before the Court that

the claims in this action arise out of events or omissions which occurred in the United States

District Court for the Northern District of Georgia, Newnan Division, the judicial district

which encompasses Troup County, Georgia.  *See* 28 U.S.C. § 90(a)(4).  If that is the case and

if the defendants are subject to personal jurisdiction in Georgia, then 28 U.S.C. § 1391

requires that the action be brought there.[1]

Accordingly, it is hereby ORDERED that on or before **March 27, 2007**, counsel for

Plaintiffs shall submit a brief to this Court, containing citations to proper legal authorities,

either supporting their contention that venue in this district is proper or admitting that this

district is not a proper venue.  The Court notes that the basis for venue stated in Paragraph

6 of the Complaint is not a proper basis for venue pursuant to 28 U.S.C. § 1391(a).  **Counsel**

**for Plaintiffs are further ORDERED to specify in the brief submitted the county and**

---

[1] 28 U.S.C. § 1391(a)(3) does not apply unless there is no other district in which the
action may otherwise be brought.  If the accident occurred in the Northern District of
Georgia, then the defendants would be subject to specific personal jurisdiction there and 28
U.S.C. § 1391(a)(2) would make that the appropriate venue.  Accordingly, 28 U.S.C. §
1391(a)(3) would not apply to make venue appropriate in this district even if a defendant
could be subject to personal jurisdiction here.

**state in which the vehicle accident occurred.** Counsel for Defendants shall submit a responsive brief on or before **April 3, 2007**. **Counsel for Defendants shall specify whether any defendant will have any challenge to a Georgia's court's ability to exercise personal jurisdiction over any defendant to this lawsuit.** If at any time the parties wish to approach the Court with a joint motion to transfer this case to an appropriate venue, they may file that motion and the filing of that motion shall suspend any obligations to file a brief on the issue of venue set forth in this Order.

Finally, all counsel are ORDERED to read Rule 11 of the Federal Rules of Civil Procedure prior to submitting any further documents to this Court and to assure that any document they sign and submit complies fully with the dictates of that rule.

DONE this the 21st day of March, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE